IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RANDY SCOTT CORLEY**                                                                 **PETITIONER**

**vs.**                                                     **CIVIL ACTION NO.:  4:12CV88-SA-SAA**

**CHRISTOPHER EPPS, et al.**                                              **RESPONDENTS**

## MEMORANDUM OPINION

Currently before the Court is Petitioner's pro se motion to dismiss his pending petition for writ of habeas corpus, or, alternatively, to stay his federal proceedings pending the exhaustion of his State court remedies.

Petitioner initially filed a lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Mississippi, alleging a wrongful parole revocation and seeking damages. That court severed his habeas claims from the lawsuit and opened a new case under 28 U.S.C. § 2254. Thereafter, the court transferred Petitioner's federal habeas case to this district. In the instant motion, Petitioner alleges that he did not know that the court would construe his complaints as a habeas action, and he maintains that the issues in his complaint are currently before the State court in *Corley v. State*, No. 2012-75-5-COA. Conceding that he has failed to exhaust his State court remedies as required to maintain a federal habeas action, he requests that the Court either stay or dismiss without prejudice the instant action.

A stay in a habeas case containing unexhausted claims is appropriate only where (1) there is good cause for the failure to exhaust the claims first in state court; (2) the claims are not patently meritless; and (3) there is no indication of intentionally dilatory litigation tactics by the petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has not argued that good

cause exists to stay this action, nor does the Court find any to exist.  Accordingly, it is

**ORDERED**:

    1.  That Petitioner's motion to dismiss the petition in this cause is **GRANTED**.

    2.  That the instant petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to first exhaust his State court remedies; and

    3.  That all other pending motions in this cause are **DISMISSED**;

A final judgment consistent with this order will enter today.

**THIS**,  the 10th day of October, 2012.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**